IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 3:08-cv-00858-MJR |
| | ) |
| LIEUTENANT WESTERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from
> 　　such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009). Upon careful review of the complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are thus subject to summary dismissal.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### COUNT 1

Plaintiff alleges that on September 3, 2007, Defendant Westerman, angry at Plaintiff's refusal to speak with a psychologist, entered Plaintiff's cell and slammed Plaintiff's face into a steel bedframe, causing extreme pain to Plaintiff's face. Defendant Westerman then returned to Plaintiff's cell on September 4, 2007, with an unknown officer and proceeded to once again slam Plaintiff face into a steel bed frame, causing pain to Plaintiff's face and neck.

Plaintiff further alleges that on September 5, 2007, Plaintiff was handcuffed through the slot in his door with his hands behind his back by Defendant Westerman, after refusing to be handcuffed by Defendant Lafond. When the door to the cell was opened, Plaintiff, fearing for his safety, laid down on the floor. Defendant Reinhold then applied pressure to Plaintiff holding him down on the floor. Defendant Westerman proceeded to grab Plaintiff's eyelids and pull them up, causing pain to Plaintiff's eyes. Defendant Westerman than punched Plaintiff's right eye six to seven times, causing extreme pain to Plaintiff's eye, swelling, continual irritation, and visual difficulties. During this incident, Plaintiff alleges that his arm was snatched out of

position.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Applying these standards, the Court is unable to dismiss Count 1 against Defendants Westerman, Reinhold, and Lafond at this time.

**COUNT 2**

Plaintiff alleges that sometime after the incident on September 5, 2007, Defendants Lafond, Westerman, and Reinhold conspired to write a false disciplinary report against him.

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). However, conspiracy is not an independent basis of liability in § 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).

"For liability under § 1983 to attach to a conspiracy claim, defendants must conspire to deny plaintiffs their constitutional rights." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Thus, for Plaintiff's conspiracy claim to actionable, there must be some cognizable underlying constitutional violation.

In *Hanrahan v. Lane*, 747 F.2d 1137 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Seventh Circuit reasoned that prisoners have a right "to be from arbitrary actions of prison officials," *id.* at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation. In the instant complaint, Plaintiff alleges that he was *not* provided the procedural protections outlined in *Wolff* because he was not given adequate advance written notice of the disciplinary charge. Therefore, Plaintiff would appear to claim that issuing him the (false) conduct violation - and denying him procedural due process in connection with that conduct violation - deprived him of his substantive right "to be from arbitrary actions of prison officials."

In *Sandin v. Connor*, 515 U.S. 472 (1995), however, the Supreme Court of the United States rejected an argument that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." *Id.* at 484. Furthermore, the Supreme Court held that while a state could create a liberty interest protected by the Due Process Clause, such interests were limited to cases where the discipline imposes an "atypical, significant deprivation"

4

on the inmate in relation to the ordinary incidents of prison life - especially totally discretionary types of confinement such as on administrative segregation and protective custody. *Id*. at 2301.

In light of *Sandin*, the Seventh Circuit has observed that "the right to litigate disciplinary confinements has become vanishingly small." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

This Court understands *Sandin* and *Wagner* as holding that even a prisoner's arbitrary confinement in disciplinary segregation, administrative segregation, or protective custody does not implicate any liberty interest - under either the Due Process Clause or state law - so long as the confinement itself does not constitute an "atypical, significant deprivation." A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner*, 128 F.3d at 1175.

In sum, an allegation that a prisoner was issued a "false disciplinary report" - standing alone - does not state a claim under § 1983. To be actionable, the prisoner must have suffered an "atypical, significant deprivation" (or other loss of a protected liberty interest) and must have been denied procedural due process.

In the instant case, Plaintiff alleges that as a result of the disciplinary report he was confined on administrative segregation for 6 months, demoted to C-grade for 6 months, had his visits restricted for 6 months, had his commissary restricted for 6 months, and had his yard restricted for 3 months. *See* Exhibit B. None of these sanctions amounts to an "atypical,

5

significant deprivation." Had the disciplinary sanctions ended there, no further analysis would be necessary and Count 2 could be readily dismissed.

The disciplinary sanctions imposed on Plaintiff, however, also included the loss of 3 months good conduct credit. The loss of good conduct credit implicates a liberty interest because such a loss potentially effects the length of Plaintiff's sentence. Consequently, the Court construes Count 2 as alleging that Defendants Westerman, Reinhold, and Lafond conspired to deprive Plaintiff of good time credits by issuing him a false (i.e., fabricated) conduct violation.

Notably, Plaintiff's complaint does not seek restoration of good time credits - a remedy available in federal court only by means of an action for a writ of habeas corpus (but only after Plaintiff has exhausted his remedies through the Illinois state courts). *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973). Instead, Plaintiff seeks only declaratory and monetary relief. Nevertheless, if Plaintiff's allegation is true that the Defendants completely fabricated the conduct violation, then that would imply that the decision made by the adjustment board that Plaintiff was guilty of the conduct violation was wrong. Where, as here, a judgment in Plaintiff's favor would necessarily imply the invalidity of the disciplinary hearing and resulting loss of good conduct credits, Plaintiff's claim is not cognizable under § 1983 unless and until Plaintiff has the disciplinary action overturned through some other means such as a habeas corpus action. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Because Plaintiff does not allege that the disciplinary action has been overturned in a separate proceeding, Count 2 must be dismissed.

### COUNT 3

Plaintiff alleges that on September 6, 2007, Defendants Mitchell and Lee, the adjustment committee, came to Plaintiff's cell to conduct a hearing in regards to the disciplinary report submitted by Defendants Lafond, Westerman, and Reinhold. When Plaintiff informed Defendants Mitchell and Lee that he had not been served a copy of any disciplinary report, Defendant Mitchell stated that Plaintiff had signed a waiver agreeing to a hearing within twenty-four hours. Plaintiff denied signing the report or waiver, but Defendants Mitchell and Lee conducted the hearing less than twenty-four hours from the time of the offense. Plaintiff alleges that he pled not guilty. As noted above, Defendants Mitchell and Lee found Plaintiff guilty and imposed disciplinary action of 6 months C grade, 6 months segregation, 6 months visit restriction, 6 months commissary restriction, 3 months yard restriction, and 3 months good conduct credit revocation. *See* Exhibit B.

Again, the loss of good conduct credits implicates a liberty interest because the loss of such credits potentially effects the length of Plaintiff's sentence. As noted above, though, a judgment in Plaintiff's favor would necessarily imply the invalidity of the disciplinary hearing and the sanction imposed on him. Plaintiff's claim is not cognizable under § 1983 unless and until Plaintiff has the disciplinary action overturned in through some other means such as a habeas corpus action. *See Edwards,* 520 U.S. at 645-46; *Heck* 512 U.S. at 486-87. Because there is no indication that the disciplinary action has been overturned, Count 3 does not survive threshold review and must be dismissed.

### COUNT 4

Plaintiff alleges that Defendants Mitchell and Lee conspired to commit the acts alleged in

Count 3 that caused Plaintiff's deprivation of due process. Since civil conspiracy is not an independent cause of action, Plaintiff's claim is dependent upon a finding that Plaintiff's right to due process has been violated. *See Gomez,* 550 F.3d at 617; *Cefalu*, 211 F.3d at 423; *Shobe*, 93 F.3d at 422. Since a judgment for Plaintiff on this Count would necessarily invalidate Plaintiff's disciplinary hearing, Count 4 is not cognizable under § 1983 unless and until the disciplinary action has been overturned through some other means such as a habeas corpus action. *Edwards,* 520 U.S. at 645-46; *Heck* 512 U.S. at 486-87. Again, because there is no indication that the disciplinary action has been overturned, Count 4 is dismissed.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNTS 2, 3, and 4** are **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these counts constitute a "strike" for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that because there are no claims pending against them Defendants Mitchell and Lee are **DISMISSED** from this action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Westerman, Reinhold, Lafond. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Westerman, Reinhold, and Lafond in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case

shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

     **IT IS SO ORDERED.**

**DATED this 20th day of July, 2009.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**