# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT WILLIAMS, )
)
        Plaintiff, )
)
vs. ) CIVIL NO. 3:08-cv-00858-MJR
)
LIEUTENANT WESTERMAN, et al., )
)
        Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

    This matter is before the Court on Plaintiff's motion for reconsideration of the Order entered on July 20, 2009 (Doc. 17).

    Plaintiff's original *pro se* complaint (Doc. 1) was filed with this Court on December 4, 2008. On January 9, 2009, Plaintiff filed a motion to supplement his complaint with a proposed *pro se* amended complaint attached to it (Doc. 5). On March 30, 2009, attorneys Benjamin Gehrt and Scott Velasquez entered their appearance on Plaintiff's behalf in this case.

    On July 20, 2009, this Court granted Plaintiff's *pro se* motion to supplement his complaint (Doc. 9) and the proposed *pro se* amended complaint was filed (Doc. 10). The original complaint and the amended complaint asserted four claims that were essentially identical.

    On July 20, 2009, this Court also entered its order referring this case to United States Magistrate Judge Clifford J. Proud, but dismissing Counts 2, 3, and 4 of this action pursuant to 28 U.S.C. § 1915A(b). Following Seventh Circuit case law, this Court also assessed Plaintiff

one "strike" for the dismissal of Counts 2, 3, and 4, pursuant to 28 U.S.C. § 1915(g). *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007). Specifically, the Seventh Circuit directs that:

> When a prisoner does file a multi-claim, multi-defendant suit, the district court should evaluate each claim for purposes of § 1915(g). *Bouriboune* observed: "when *any claim* in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted', all plaintiffs incur strikes.

*George,* 507 F.3d at 607-08 (citing *Bouriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original).

As noted above, Plaintiff's complaint asserted multiple claims. Plaintiff's complaint also sought relief against multiple defendants. Three out of the four claims asserted by Plaintiff were dismissed pursuant to 28 U.S.C. § 1915A(b). As a result, two defendants were dismissed from this action. Applying *George*, Plaintiff incurred one "strike" for purposes of 28 U.S.C. § 1915(g).

In his motion for reconsideration, Plaintiff argues that the assessment of a "strike" was wrong under "the facts and law governing this case." Plaintiff acknowledges the Seventh Circuit's decision in *George*, but maintains that it was "not decided correctly" because it "impermissibly expanded the scope of § 1915(g) beyond the plain meaning of the statute." Whether *George* was correctly decided, however, is not a proper argument to direct to this Court. Unless and until *George* is reversed, superceded, or modified by the Seventh Circuit or the Supreme Court of the United States, this Court is obligated to apply it.

Taking a different tack, Plaintiff argues that *George* - which involved approximately 50 claims against 24 defendants - can be distinguished from the present case which is less cumbersome. Plaintiff maintains that the assessment of a strike in *George* was necessary to

2

"discourage plaintiffs from filing excessive claims in the vain hopes that one or two claims might survive." In contrast, Plaintiff notes that the instant action asserted only four claims.

This Court, however, finds this argument unpersuasive. First, it ignores the plain language of the *George* decision directing the lower courts to apply § 1915(g) in each case where a prisoner presents it with a "multi-claim, multi-defendant" complaint. *George*, 507 F.3d at 607-08. Second, the *Bourboune* decision - which the Seventh Circuit cites in *George* - is not based on any concern with "excessive claims." Third, Plaintiff presents this Court with the near impossible task of determining exactly how many claims should be considered "excessive." Therefore, Plaintiff's motion for reconsideration (Doc. 17) is **DENIED**.

**IT IS SO ORDERED**.

**DATED this 13th day of August, 2009.**

                                               **s/ Michael J. Reagan**
                                               **MICHAEL J. REAGAN**
                                               **United States District Judge**