IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ROBERT WILLIAMS, )
)
    Plaintiff )
)
v. ) Case No. 08-cv-0858-MRJ
)
LIEUTENANT WESTERMAN, )
SERGEANT REINHOLD, and )
DONALD GAETZ, )
)
    Defendants. )

# MEMORANDUM AND ORDER

REAGAN, District Judge

Before the Court are four interrelated motions (Docs. 76-79) filed by Plaintiff Robert Williams, an inmate in the custody of the Illinois Department of Corrections, housed at Dixon Correctional Center. The Court construes the motions as seeking appointment of new counsel, and for reconsideration the November 4, 2010, Order granting Plaintiff's motion for voluntary dismissal of this action (Doc. 74).

In December 2008 Plaintiff, proceeding pro se and as a pauper, brought this action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Menard Correctional Center, where he was then housed, violated his constitutional rights (*see* Docs. 1, 10 and 12). In March 2009, before the Court's preliminary review in accordance with 28 U.S.C. § 1915A, counsel entered on behalf of Plaintiff (Docs. 7 and 8). On November 2, 2010, Plaintiff, by and through counsel, filed a "Notice of Voluntary Dismissal," pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 73). Construing the "Notice" as a motion, the Court voluntarily dismissed the

1

action, without prejudice (Doc. 74), and judgment was entered accordingly on November 5, 2010 (Doc 75).

The first of Plaintiff's pro se post-judgment motions (Doc. 76) was filed on November 22, 2010. Plaintiff filed two additional motions (Docs. 77 and 78) on November 29, 2010, and the fourth motion (Doc. 79) was filed on December 20, 2010. Plaintiff contends that his attorneys, Scott A. Velasquez and J. Scott Humphrey, were ineffective in representing his best interests when they dismissed this action on his behalf. Plaintiff argues that his attorneys did not act in a way consistent with his best interests because they did not think that his action would be successful. Plaintiff explains that, although he initially agreed to voluntarily dismiss the action, he later changed his mind:

> The first thing Scott ask [sic] me through the door, [sic] was to dismiss my case. He was not trying to here [sic] me. And I told him that I would dismiss my case. He told me that he was going to send me a letter to sign. But now that I [have] had time to think about it, I am not going to sign any letter, because I would be defeating the hold [sic] purpose of filing the lawsuit to began [sic] with.

Doc. 78, p. 2 ¶ 10. According to Plaintiff, he allowed his attorney(s) to talk him out of continuing with the lawsuit. For these reasons, Plaintiff asserts that his Fourteenth Amendment right to due process and Sixth Amendment right to counsel, and other unspecified civil rights, were violated (*see* Doc. 78). Plaintiff now moves for the appointment of new counsel, and by extension, to have the dismissal and judgment vacated.

1. **Appointment of Counsel**

As a preliminary matter, the Court notes that when Plaintiff moved for appointment of counsel at the start of this case (Doc. 3), his motion was denied as moot (Doc. 13), because counsel had already voluntarily entered on Plaintiff's behalf. At that time, Plaintiff asserted that he was not legally trained and had to rely on the assistance of others to prepare his

pleadings. Plaintiff's recent motions do not offer any other explanation of why he cannot proceed pro se. Rather, Plaintiff states that if new counsel is not appointed, he will proceed pro se (Doc. 78, p. 3).

Plaintiff's reference to the Sixth Amendment right to counsel is misplaced; the Sixth Amendment applies to criminal cases, not civil cases. U.S. Const. amend. VI. There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. *Mallard v. United States District Court,* 490 U.S. 296, (1989); *Evitts v. Lucey,* 469 U.S. 387 (1985); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *see also* 28 U.S.C. § 1915(d). Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *see also Greeno v. Daley*, 414 F.3d 645, 658(7th Cir. 2005); *see also Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). In *Pruitt v. Mote,* the Court of Appeals for the Seventh Circuit clarified that the relevant inquiry is whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case. *Id.*

The Court perceives no need to appoint counsel in order to proceed on the motions before the Court. Although counsel would surely represent Plaintiff in a more artful manner, Plaintiff has sufficiently presented the factual and legal basis for his request for reconsideration of the dismissal order and judgment. Therefore, the Court will not appoint counsel before deciding the merits of the motion(s).

## 2. Reconsideration

Plaintiff does not specify a procedural basis for his motions. Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. So, for instance, Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on these reasons, *inter alia*: mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for a Rule 59(b) motion.

In *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze post-judgment motions based on their *substance* as opposed to the date on which the motion was filed. The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008): "whether a motion … should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Therefore, this Court assesses motions to reconsider (especially those drafted by pro se litigants) based on their substance – i.e., the reasons for relief articulated by the movant -- as opposed to the title the movant chose for the motion or merely the date on which he filed the motion.

Although *Borrero* and *Obriecht* direct the Court to focus on the substance of the motion, the timing of the motion is still relevant. Rule 59(e) is only applicable to motions filed no later than 28 days after the entry of judgment. By contrast, a motion under Rule 60(b)(1) alleging mistake, inadvertence, surprise or excusable neglect, may be filed within one year after the entry of judgment. FED. R. CIV. P. 60(c)(1). Plaintiff Williams has moved for reconsideration within 28 days of entry of judgment, so both Rule 59(e) and 60(b) remain available to him.

Plaintiff Williams has not presented a manifest error of law or newly discovered evidence, so Rule 59(e) is not the appropriate procedural mechanism. Rule 60(b) provides for relief from judgment or an order for "mistake, inadvertence, surprise, or excusable neglect," or for, among other reasons, "any other reason that justifies relief," so it is the most appropriate procedural mechanism. Fed.R.Civ.P. 60(b)(1) and (6). However, Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

In light of Plaintiff's admission that he *did* agree to the voluntary dismissal of his case, only to later and have a change of heart, there is no basis for deeming the voluntary dismissal a "mistake," "inadvertence" or a "surprise." *See Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009) (Plaintiff, having explicitly asked for a voluntary dismissal, could not claim that the dismissal resulted from "mistake" or 'inadvertence"). Similarly, Plaintiff's counsel merely carried out what Plaintiff had agreed to, so it cannot be said that there was any sort of "neglect." Rule 60(b)(1) is wholly inapplicable. The only other provision of Rule 60(b) that may be applicable is subsection (6), which permits relief in the interests of justice.

The phrase "any other reason that justifies relief" would appear to be a catch-all, a safety valve of sorts. However, the Supreme Court has indicated that subsection (6) requires a showing of "extraordinary circumstances" *and* that the party be faultless. *Pioneer Investment Services Co. v. Brunswick Associates,* 507 U.S. 380, 393 (1993). The Court of Appeals for the Seventh Circuit has stated that Rule 60(b)(6) is the proper remedy for a series of misunderstandings between counsel, the litigant and the court. *Prince v. Stewart*, 580 F.3d 571 573 (7th Cir. 2009). There is an argument to be made that Plaintiff misunderstood counsel.

Plaintiff states: "He told me that he was going to send me a letter to sign. But now that I [have] had time to think about it, I am not going to sign any letter, because I would be defeating the hold [sic] purpose of filing the lawsuit to began [sic] with." Doc. 78, p. 2 ¶ 10. That statement could be construed as a misunderstanding between Plaintiff and his attorney regarding whether a final decision to dismiss had been made, or whether Plaintiff's signature on some sort letter was necessary to effectuate the dismissal. However, that argument is undercut by the fact that Plaintiff describes his decision not to dismiss his case in hindsight-- "now that I had time to think about it. . . ." The conclusion that Plaintiff has merely changed his mind is further supported by other statements in Plaintiff's motions: "I let him talk me out of going through with [trial]." (Doc. 76, p. 1); "[H]e talked me out of going to trial on my case, but I did not sign anything, and I have changed my mind altogether." (Doc. 76, p. 2). Plaintiff has also submitted a copy of a letter from attorney Velasquez dated November 1, 2010, which states, "Per our conversation this afternoon, I am writing this letter to confirm that we are to voluntarily dismiss the . . . case." (Doc. 78, p. 4). There is nothing to indicate that upon receipt of the letter Plaintiff attempted to contact counsel and correct the misunderstanding.

6

Plaintiff's suggestion that counsel did not want to proceed and did not think he would be successful at trial does not alter the fact that Plaintiff agreed to dismiss his case. Furthermore, an attorney's frank evaluation of the merits of a case does not mean that the attorney is incompetent, or that the attorney does not have his client's best interest in mind. Plaintiff's counsel voluntarily and diligently worked on Plaintiff's case for 18 months, which is certainly some evidence that they did have his best interests in mind. *See* Doc. 80, Attorneys Velasquez and Humphrey's Response to Motion for Ineffective Counsel.

### **Conclusion**

For the reasons stated, the Court **DENIES** Plaintiff Robert Williams' motions for appointment of counsel and for relief from the Court's November 4, 2010, Order and November 5, 2010, judgment dismissing this action (Docs. 76-78).

IT IS SO ORDERED.

DATED: September 15, 2011

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE